NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

Michael LADNEY, Jr., D/B/A Detroit
Plastic Molding Company,
Respondent.

No. 14941.

United States Court of Appeals
Sixth Circuit.

April 11, 1962.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., for petitioner.

Dykema, Wheat, Spencer, Goodnow & Trigg, Detroit, Mich., for respondent.

DECREE.

This cause came on to be heard upon the petition of the National Labor Relations Board for summary entry of a Decree against the Respondent herein, enforcing its order of February 1, 1962. This Court has considered the entire transcript of record filed in this cause and on April 11, 1962 being fully advised in the premises, issued its decision granting the petition and enforcing the Order of the Board. In conformity therewith, it is hereby

ORDERED, ADJUDGED AND DECREED that Respondent, Michael Ladney, Jr., d/b/a Detroit Plastic Molding Company, East Detroit, Michigan, its officers, agents, successors and assigns, shall:

1. Cease and desist from:

(a) Discouraging membership in any labor organization of its employees by discriminating in regard to their hire, tenure, or any other terms or conditions of employment.

(b) Interrogating employees as to their interest in or activities on behalf of any labor organization.

(c) Offering or granting benefits or threatening reprisals to discourage interest in and activities on behalf of any labor organization.

(d) In any other manner, interfering with, restraining, or coercing its employees in the exercise of their right to self-organization, to form labor organizations, to join or assist any labor organization, to bargain collectively through representatives of their own choosing, to engage in concerted activities for the purpose of collective bargaining or other mutual aid or protection, and to refrain from any and all such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment, as authorized in Section 8(a) (3) of the National Labor Relations Act (hereinafter called the Act), 29 U.S.C.A. § 158(a) (3).

2. Take the following affirmative action which the Board has found will effectuate the policies of the Act:

(a) Offer Leon McCommons immediate and full reinstatement to his former or a substantially equivalent position, without prejudice to his seniority or other rights and privileges, and make him whole for any loss of earnings suffered by reason of the discrimination against him, in the manner set forth in the section of the Intermediate Report entitled "The Remedy."

(b) Preserve and make available to the Board or its agents, upon request, for examination and copying, all payroll records, social security payment records, timecards, personnel records, and reports necessary to analyze the amount of backpay due and the right to reinstatement.

(c) Post at its plant at East Detroit, Michigan, copies of the notice attached hereto as Appendix A. Copies of such notice, to be furnished by the Regional Director for the Seventh Region, of the National Labor Relations Board (Detroit, Michigan) shall, after being duly signed by an authorized representative of Respondent, be posted immediately upon receipt thereof, and be maintained by it for a period of 60 consecutive days thereafter, in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by Respondent to insure

that such notices are not altered, defaced, or covered by any other material.

(d) Notify the aforesaid Regional Director in writing, within 10 days from the date of this Decree, what steps the Respondent has taken to comply herewith.

### APPENDIX A
### NOTICE TO ALL EMPLOYEES
### PURSUANT TO

a Decree of the United States Court of Appeals for the Sixth Circuit, enforcing an Order of the National Labor Relations Board, and in order to effectuate the policies of the Labor Management Relations Act, we hereby notify our employees that:

WE WILL NOT discourage membership in INTERNATIONAL UNION, UNITED AUTOMOBILE, AIRCRAFT AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, (UAW) AFL-CIO, or any other labor organization, by discriminating as to the hire, tenure or any other term or condition of employment of any of our employees.

WE WILL NOT ask any of our employees about their interest in or activities on behalf of any labor organization.

WE WILL NOT promise or grant benefits or threaten reprisals to discourage employee interest in or activities on behalf of any labor organization.

WE WILL NOT in any other manner, interfere with, restrain, or coerce our employees in the exercise of their right to organize; to form, join or assist a labor organization; to bargain collectively through a bargaining agent chosen by themselves; to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection; or to refrain from any such activities (except to the extent that the right to refrain is limited by lawful enforcement of a lawful union security requirement).

WE WILL offer Leon McCommons his former or a substantially equiva-

lent job (without prepudice to seniority or other employment rights and privileges) and pay him for any loss suffered because of our discrimination against him.

DETROIT PLASTIC MOLDING COMPANY
(Employer)

Dated ——————By ——————
(Representative)  (Title)

---

This notice must remain posted for 60 days from the date hereof, and must not be altered, defaced, or covered by any other material.